Nos. 26-1101, 26-1103, & 26-1104

# IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

DEFENDING EDUCATION, ET AL.,
*Plaintiffs-Appellants,*
*v.*
AUBREY C. SULLIVAN, ET AL.,
*Defendants-Appellees.*

COMMITTEE OF FIVE, INC., D/B/A/ XX-XY ATHLETICS,
*Plaintiff-Appellant,*
*v.*
AUBREY C. SULLIVAN, ET AL.,
*Defendants-Appellees.*

DOXA ENTERPRISES, LTD., D/B/A/ BORN AGAIN USED BOOKS,
*Plaintiff-Appellant,*
*v.*
AUBREY C. SULLIVAN, ET AL.,
*Defendants-Appellees.*

Appeal from the U.S. District Court for the District of Colorado
Nos. 1:25-cv-01572, 1:25-cv-01668 & 1:25-cv-02177 (Rodriguez, J.)

**MOTION OF INDEPENDENT WOMEN'S LAW CENTER AND MANHATTAN INSTITUTE FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLANTS AND REVERSAL**

Abigail Hornsby
BURKE LAW GROUP
116 Agnes Rd., Suite 200
Knoxville, TN 37919
(832) 987-2214
abigail.hornsby@burkegroup.law

June 12, 2026

Ilya Shapiro
*Counsel of Record*
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 20017
(212) 599-7000
ishapiro@manhattan.institute

*Additional counsel listed on signature page.*

## CORPORATE DISCLOSURE STATEMENT AND
## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1, counsel for movants Independent Women's Law Center and Manhattan Institute certifies that (1) neither movant has any parent corporations, and (2) no publicly held companies hold 10% or more of the stock or ownership interest in either movant. Movants are both nonprofit corporations exempt from income tax under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).

Counsel also certifies that the following listed persons and entities as described in 10th Cir. R. 46 have an interest in the outcome of this case and were not included in the Certificates of Interested Persons in briefs that were previously filed.

1. Ilya Shapiro
2. Abigail Hornsby
3. Beth Parlato
4. Independent Women's Law Center
5. Manhattan Institute

*/s/ Ilya Shapiro*
Ilya Shapiro
Counsel for *Amici Curiae*

1

## MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE*

Pursuant to Fed. R. App. P. 29(a)(3), the Independent Women's Law Center and Manhattan Institute respectfully submit this motion for leave to file a brief as *amici curiae* in the above-captioned cases. Counsel for movants sought consent from all parties. Plaintiffs-Appellants all consented, but Defendants-Appellees "take no position" on the request for consent to file. Accordingly, out of an abundance of caution, movants file this motion alongside the accompanying brief.

## INTEREST OF MOVANTS

Independent Women's Law Center (IWLC) is a project of Independent Women's Forum (IWF), a nonprofit, nonpartisan 501(c)(3) organization founded by women to foster education and debate about legal, social, and economic issues. IWF promotes access to free markets and to the marketplace of ideas and supports policies that expand liberty, encourage personal responsibility, and limit government. IWLC supports this mission by advocating—in the courts, before administrative agencies, in Congress, and in the media—for equal opportunity, individual liberty, and respect for the American constitutional order.

IWLC's interest in this case stems from its interest in preserving women's sex-based civil rights and liberties, which dissolve when sex-based terms come to mean their opposite. IWLC believes women should not—and constitutionally cannot—be forced to adopt speech that leads to the invasion of their privacy and diminishment of their equality.

The Manhattan Institute (MI) is a nonprofit public policy research foundation whose mission is to develop and disseminate new ideas that foster economic choice and individual responsibility. Drawing on research, reporting, and analysis of the highest caliber, MI works to improve the quality of life, overcome ethnic and cultural divides, promote educational excellence, and expand economic freedom in America and its great cities. To that end, it has historically sponsored scholarship and filed amicus briefs supporting the rule of law and opposing governmental overreach, including in the marketplace of ideas. MI has a particular interest in defending constitutional speech protections because its scholars have been targets of speech-suppression efforts.

## THE BRIEF'S RELEVANCE AND DESIRABILITY

Both IWLC and MI have participated as *amici curiae* in numerous cases, including in this Court, to provide information and analysis based

on its scholars' particular expertise. Courts are "usually delighted to hear additional arguments from able amici that will help the court toward right answers." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). This is particularly true when an *amicus* provides "information on matters of law about which there was doubt, especially in matters of public interest." United *States v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991) (citation omitted). "'No matter who a would-be amicus curiae is, therefore, the criterion for deciding whether to permit the filing of an amicus brief should be the same: whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.'" *Animal Prot. Inst. v. Merriam*, No. 06-3776, 2006 U.S. Dist. LEXIS 95724, at *4 (D. Minn. Nov. 16, 2006) (quoting *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003)).

Movants' participation as *amici* here will help the Court in resolving a significant issue of public importance: the scope of speech protections in the context of public-accommodation antidiscrimination laws. *Amici* are well-suited to help this Court in considering the extent

of constitutional speech rights, particularly as implicated by apparent conflicts with gender ideology.

The Supreme Court's ruling in *303 Creative LLC v. Elenis*, 600 U.S. 570, 590 (2023), reaffirmed that states may not compel an individual to speak contrary to his or her beliefs, even to advance the "compelling interest" of "eliminating discrimination in places of public accommodation." Although the Court recognized that public accommodations laws play a "vital role . . . in realizing the civil rights of all Americans," it explained that such laws are not "immune from the demands of the Constitution." *Id.* at 590, 592. It concluded that "[w]hen a state public accommodations law and the Constitution collide, there can be no question" that the Constitution "must prevail." *Id.* at 391.

That is the case here. Movants' brief will explain that even the laudable goal of preventing discrimination cannot override the fundamental rule established in *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943): that "no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion, or force citizens to confess byword or act their faith therein."

5

In sum, movants offer a unique perspective on how states improperly compel speech in public accommodations, harming American citizens—particularly women and girls—living in those states.

## CONCLUSION

Movants respectfully request that this Court grant their motion for leave to file a brief as *amici curiae* in support of plaintiffs-appellants and reversal.

Respectfully submitted,

Abigail Hornsby
BURKE LAW GROUP
116 Agnes Rd., Suite 200
Knoxville, TN 37919
(832) 987-2214
abigail.hornsby@burkegroup.law

Ilya Shapiro
   *Counsel of Record*
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 20017
(212) 599-7000
ishapiro@manhattan.institute

Beth Parlato
INDEPENDENT WOMEN'S LAW
   CENTER
1802 Vernon St. NW
Suite 1027
Washington, DC 20009
(202) 807-9986
beth.parlato@iwf.org

June 12, 2026

6