NO. 26-1101
UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---

DEFENDING EDUCATION, *et al.*

      Plaintiffs-Appellants,

    v.

AUBREY C. SULLIVAN, Director of
the Colorado Civil Rights Division, in
her official capacity, *et al.*,

      Defendants-Appellees.

On appeal from the
United States District Court
for the District of Colorado
Dist. Ct. Case No. 1:25-cv-1572

---

## MOTION OF INSTITUTE FOR FREE SPEECH FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLANTS AND REVERSAL

The Institute for Free Speech moves for leave to file a brief as

*amicus curiae* in support of Plaintiff-Appellant and reversal of the

decision below. The appellants consent to this motion, but the appellees

stated that they "take no position" on the request. IFS thus moves for

leave under Fed. R. App. P. 29(a)(3).

CORPORATE DISCLOSURE STATEMENT AND
CERTIFICATE OF INTERESTED PERSONS

IFS is a nonprofit corporation. Counsel certifies that IFS is not a subsidiary or affiliate of a publicly owned corporation and no publicly owned corporation has a substantial interest in the outcome of this litigation.

Counsel also certifies that the following listed persons and entities have an interest in the outcome of this case and were not included in the Certificates of Interested Persons in any previously filed brief:

1. Alan Gura, counsel for *amicus* Institute for Free Speech

2. Brett R. Nolan, counsel for *amicus* Institute for Free Speech

3. Institute for Free Speech

/s/ Brett R. Nolan
Counsel for *amicus curiae*

MOVANT'S INTEREST

IFS is a nonpartisan, nonprofit organization dedicated to the protection of the First Amendment rights of speech, assembly, petition, and press. Along with scholarly and educational work, IFS represents individuals and civil society organizations in litigation securing their First Amendment liberties. *See, e.g.*, *Moms for Liberty v. Brevard Pub. Sch.*, 118 F.4th 1324 (11th Cir. 2024); *Wyo. Gun Owners v. Gray*, 83 F.4th 1224 (10th Cir. 2023). IFS also regularly files *amicus* briefs in cases raising important First Amendment questions—including questions similar to those raised here. *See, e.g.*, *Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, 158 F.4th 732 (6th Cir. 2025) (en banc) (Dkts. 111 & 196); *Henderson v. School District of Springfield 12*, 164 F.4th 478 (8th Cir. 2025) (en banc) (Dkt. 5285075); *Parents Defending Educ. v. Linn Mar Cmty. Sch. Dist.*, 83 F.4th 658 (Dkt. 5217501). IFS has an interest in this case because the panel's decision will have widespread effects within this circuit, influencing how governments regulate speech and mandate ideological conformity in other contexts. The decision will thus affect many different people who wish to exercise their First Amendment rights.

3

RELEVANCE AND DESIRABILITY OF THE *AMICUS* BRIEF

Courts are "usually delighted to hear additional arguments from able amici that will help the court toward right answers." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). This is particularly true when an *amicus* provides "information on matters of law about which there was doubt, especially in matters of public interest." *United States v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991) (citation omitted). IFS's *amicus* brief fits the bill.

IFS's *amicus* brief focuses on the viewpoint-discrimination issue, giving the Court a historical perspective on why the speech restriction in this case—regulating pronoun usage—touches on "the most political parts of speech." Teresa M. Bejan, *What Quakers Can Teach Us About the Politics of Pronouns*, N.Y. Times (Nov. 16, 2019), https://bit.ly/4g7Bw32. The brief then addresses how these kinds of speech regulations would be summarily enjoined in other contexts, yet are an increasingly common form of viewpoint discrimination that even federal courts are engaging in. Finally, the brief gives a different perspective on the district court's problematic standing decision in this case, explaining how a rule that requires plaintiffs to wait and see how

Colorado enforces its purported anti-discrimination law creates unique problems for those who dissent from the state's preferred ideological position in the ongoing public debate over gender identity issues.

While the parties have addressed some of these issues in their briefs, IFS's experience defending political speech wherever it is under threat gives IFS the unique ability to speak about the broader issues raised in this case.

CONCLUSION

The Court should grant IFS's motion for leave to file a brief as *amicus curiae* in support of Plaintiffs-Appellants and reversal of the decision below.

Dated: June 15, 2026

Respectfully submitted,

/s/ Brett R. Nolan
Alan Gura
Brett R. Nolan
THE INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., Suite 801
Washington, DC 20036
bnolan@ifs.org

*Counsel for amicus curiae*

CERTIFICATE OF COMPLIANCE

I certify the following:

This motion complies with the type-volume limitation in Fed. R. App. 27(d)(2)(A) because it contains 645 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 10th Cir. R. 32(A), as well as the type-style requirements of Fed. R. App. 32(a)(6) because it has been prepared in a proportionally spaced Serif typeface, Century Schoolbook, in 14-point font using Microsoft Word.

All required privacy redactions have been made under 10th Cir. R. 25.5.

The digital submission of this motion has been scanned for viruses with the most recent version of a commercial virus scanning program, and it is free of viruses.

/s/ Brett R. Nolan

CERTIFICATE OF SERVICE

I hereby certify that all other parties to this litigation are represented by attorneys or have consented to electronic service in this case.

Dated: June 15, 2026

/s/ Brett R. Nolan