**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

October 12, 2026

VIA CM/ECF

Christopher M. Wolpert
Clerk of Court
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re: *Defending Education et al. v. Sullivan et al.*, No. 26-1101

Response to Plaintiffs' Notice of Supplemental Authority filed 10/6/26

Dear Clerk Wolpert:

The district court's September 26, 2026 order on Defendants' Motion to Dismiss terminated Plaintiffs Defending Education, Protect Kids Colorado, and Colorado Parents Advocacy Network (collectively, Advocacy-Appellants) from the case on the basis that they are not public accommodations subject to CADA and therefore lack standing to assert their claims. Order.25-27. For the reasons in the Order and in Appellees' Answer Brief, Advocacy-Appellants are not entitled to an order of preliminary injunction. *Id.*; Answer.Br.39-44.

Appellants nevertheless argue that this Court could grant them one because the district court's order is not a final, appealable order, and they have not appealed it at this time. Letter at 2. For this

contention, Appellants rely on *Does 1-11 v. Bd. of Regents of Univ. of Colorado*, 100 F.4th 1251, 1264 n.6 (10th Cir. 2024), but that decision provides no support. Employees and students of the Anschutz medical campus sought a preliminary injunction preventing the university from enforcing its COVID-19 vaccine policy. *Id*. at 1257. This Court held that all employees had standing, including an employee the court dismissed, because the district court had not entered a final judgment. *Id*. at 1264-66. But Appellants fail to note that this Court in *Does* also held that the appeals of the students were moot because none still attended the university and this Court had "no constitutional authority to issue a decision that would have no real-world effect." *Id*. at 1266. Because Advocacy-Appellants are not subject to CADA and have no live claims, an order of preliminary injunction would have "no real-world effect" on them. *Does*, 100 F.4th at 1266; Order.25-27. There is no basis for entering a preliminary injunction in Advocacy-Appellants' favor to preserve the status quo until they obtain a final judgment, given that their claims have already been dismissed. Nor does *Pacific Frontier v. Pleasant Grove City* support Appellants' argument, where this Court affirmed a preliminary injunction where the plaintiff was not dismissed from the case. 414 F.3d 1221, 1238 (10th Cir. 2005).

Word Count: 328

Respectfully submitted,

*/s/ Janna K. Fischer*

Janna K. Fischer
Senior Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
janna.fischer@coag.gov
Counsel for Defendants-Appellees Aubrey C. Sullivan, Sergio Cordova, Geta Asfaw, Mayuko Fieweger, Daniel S. Ward, Jade R. Kelly and Eric Artis, in their official capacities

*<u>/s/ Talia Kraemer</u>*

Talia Kraemer
Senior Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
talia.kraemer@coag.gov
Counsel for Defendant-Appellee Attorney General Weiser, in his official capacity

cc: All counsel of record (by ECF notification)