No. 26-1101

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

DEFENDING EDUCATION, *et al.*,

*Plaintiffs-Appellants*,

v.

AUBREY C. SULLIVAN, in her official capacity as the Director of the Colorado Civil Rights Division, *et al.*,

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Colorado, No. 1:25-cv-01572 (Rodriguez, J.)

**SUPPLEMENTAL BRIEF OF APPELLANTS**
**(ORAL ARGUMENT REQUESTED)**


J. Michael Connolly
Cameron T. Norris
Paul R. Draper
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com
cam@consovoymccarthy.com
paul@consovoymccarthy.com


November 2, 2026

*Counsel for Appellants*

## TABLE OF CONTENTS

Table of Authorities ........ ii

Introduction ........ 1

Argument ........ 2

I. The motion-to-dismiss order confirms that Plaintiffs' speech is arguably proscribed and they face a credible threat of enforcement. ........ 2

II. Plaintiffs have standing to seek a preliminary injunction for the same reasons they have standing to pursue this litigation. ........ 6

III. This Court should order an injunction for DE, CPAN, and PKC too. ........ 9

Conclusion ........ 10

Certificate of Compliance ........ 12

Certificate of Service ........ 12

## TABLE OF AUTHORITIES

### Cases

*303 Creative v. Elenis*,
6 F.4th 1160 (10th Cir. 2021) .......... 3

*ACLU v. Johnson*,
194 F.3d 1149 (10th Cir. 1999) .......... 6

*Adams v. C3 Pipeline Constr. Inc.*,
30 F.4th 943 (10th Cir. 2021) .......... 10

*Allen v. Stein*,
165 F.4th 272 (4th Cir. 2026) .......... 10

*Arizona All. for Retired Americans v. Mayes*,
186 F.4th 622 (9th Cir. 2026) .......... 6

*Babbitt v. UFWNU*,
442 U.S. 289 (1979) .......... 4-5

*Catholic Charities v. Whitmer*,
162 F.4th 686 (6th Cir. 2025) .......... 6

*Chiles v. Salazar*,
116 F.4th 1178 (10th Cir. 2024) .......... 6

*Chiles v. Salazar*,
607 U.S. 627 (2026) .......... 7

*Christian Healthcare Centers v. Nessel*,
117 F.4th 826 (6th Cir. 2024) .......... 3

*Const. Party of Pa. v. Aichele*,
757 F.3d 347 (3d Cir. 2014) .......... 8

*Cox v. Glanz*,
800 F.3d 1231 (10th Cir. 2015) .......... 10

*Do No Harm v. Pfizer*,
126 F.4th 109 (2d Cir. 2025) .......... 7

*Doe v. Univ. of Colorado*,
100 F.4th 1251 (10th Cir. 2024) .......... 10

*Homans v. City of Albuquerque*,
366 F.3d 900 (10th Cir. 2004) .......... 8

*IRI v. Walker*,
450 F.3d 1082 (10th Cir. 2006) .......... 5

*Jensen v. Utah County*,
--- F.4th ---, 2026 WL 2982357 (10th Cir. Oct. 5, 2026) ........ 10

*Majors v. Abell*,
317 F.3d 719 (7th Cir. 2003) ........ 4

*Masterpiece Cakeshop v. Elenis*,
445 F. Supp. 3d 1226 (D. Colo. 2019) ........ 5

*Peace Ranch v. Bonta*,
93 F.4th 482 (9th Cir. 2024) ........ 5

*Rocky Mountain Gun Owners v. Polis*,
121 F.4th 96 (10th Cir. 2024) ........ 8

*Scott v. Allen*,
153 F.4th 1088 (10th Cir. 2025) ........ 3-4, 9

*Smith v. Stelly*,
2011 WL 13377567 (W.D. La. Aug. 9, 2011) ........ 10

*Speech First v. Cartwright*,
32 F.4th 1110 (11th Cir. 2022) ........ 6

*Speech First v. Fenves*,
979 F.3d 319 (5th Cir. 2020) ........ 6-7

*Stuart v. Colorado Interstate Gas Co.*,
271 F.3d 1221 (10th Cir. 2001) ........ 2, 8

*United States v. Spectrum Emergency Care*,
190 F.3d 1156 (10th Cir. 1999) ........ 8

*Univ. of Texas v. Camenisch*,
451 U.S. 390 (1981) ........ 8

**Statutes & Rules**

Colo. Rev. Stat. §24-34-301 ........ 3

Colo. Rev. Stat. §24-34-601 ........ 3, 9

Fed. R. Civ. P. 54 ........ 10

## INTRODUCTION

Plaintiffs filed this lawsuit to challenge the Colorado Anti-Discrimination Act's provisions compelling the use of so-called gender-affirming language in public accommodations. The district court denied Plaintiffs' request for a preliminary injunction, crediting Defendants' made-for-litigation arguments that Plaintiffs' speech might not violate the law and that Plaintiffs lack a credible fear of enforcement. But the court later reached the *opposite* conclusions when it denied Defendants' motions to dismiss, finding that Plaintiffs' speech *is* "arguably proscribed by CADA" and "there is a credible threat of enforcement against them." MTD.Order (D.Ct.Dkt.139) 19, 21. This Court directed the parties to "file supplemental briefs addressing how the district court's recent ruling on the Plaintiffs' standing affects this court's analysis of whether the Plaintiffs are likely to establish standing at the preliminary-injunction stage." Order (CA10.Dkt.116) 1-2.

In short, the motion-to-dismiss order shows that Plaintiffs have standing to seek a preliminary injunction as well. The order explains that Plaintiffs' speech could violate CADA "[e]ven under" Defendants' "heightened harassment standard" and that Plaintiffs, accordingly, face a credible threat of enforcement. MTD.Order.19. That is enough to establish standing for a preliminary injunction. Common sense says that, if Plaintiffs have standing to pursue this case to protect their speech rights, they have standing to seek a preliminary injunction that protects those *same* rights *while* the case is pending.

Trying to explain its conflicting decisions, the district court suggests that Plaintiffs faced a higher burden at the preliminary-injunction stage. But if anything, the

difference cuts in *favor* of Plaintiffs. To survive the motions to dismiss, Plaintiffs were required to (and did) put forward actual evidence of standing. And the district court, in denying those motions, made "findings of jurisdictional facts." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The standing analysis in the district court's preliminary-injunction decision, by contrast, was provisional and conducted on a more expedited basis. That decision still needs to be reversed.

## ARGUMENT

### I. The motion-to-dismiss order confirms that Plaintiffs' speech is arguably proscribed and they face a credible threat of enforcement.

In their motions to dismiss, Defendants made—largely verbatim—the same standing arguments they made when opposing the preliminary-injunction motion. *See* CCRD.MTD (D.Ct.Dkt.82) 19-23; PI.Opp. (D.Ct.Dkt.85) 22-26. At the preliminary-injunction stage, the district court credited Defendants' standing arguments. *See* PI.Order (D.Ct.Dkt.115) 18-20. For the reasons explained in Plaintiffs' briefing before this Court, that conclusion was wrong. *See* CA10.Opening.Br. (CA10.Dkt.18) 33-43. And the district court's order denying Defendants' motions to dismiss confirms as much.

**1.** The motion-to-dismiss order finds that Plaintiffs have "establish[ed] standing for a First Amendment pre-enforcement claim" against the challenged CADA provisions. MTD.Order.17. In reaching that conclusion, and in a departure from its contrary findings at the preliminary-injunction stage, the district court finds that Plaintiffs' speech is "arguably proscribed by CADA" and "there is a credible threat of enforcement against them." *Id.* at 19, 21.

On the first prong, Plaintiffs "'"need not show"' that their intended speech "'"*actually* violates the law, just that it *arguably* does."'" MTD.R&R (D.Ct.Dkt.125) 18 (quoting *Scott v. Allen*, 153 F.4th 1088, 1096 (10th Cir. 2025)); *see* MTD.Order.17-18. The motion-to-dismiss order finds that Plaintiffs have cleared that bar because it is "'"more likely than not"' that their refusal to use someone's preferred pronouns or name will "'"give rise to a denial—or perceived denial—of services."'" MTD.Order.17, 20; *see* Colo. Rev. Stat. §§24-34-301(3.5), (9), 601(2)(a) (persons may not deny "equal enjoyment" of a public accommodation based on the use of a "chosen name" or other forms of "addres[s]"). At least one federal court of appeals, evaluating a similar anti-discrimination law in Michigan, has reached the same conclusion: Refusing to use someone's preferred terminology "arguably den[ies]" them equal enjoyment of a public accommodation based on their gender identity. *Christian Healthcare Centers v. Nessel*, 117 F.4th 826, 845 (6th Cir. 2024); *see* CA10.Reply.Br. (CA10.Dkt.101) 8.

Even if Plaintiffs' speech might not run afoul of CADA in every circumstance, they still have standing. *See* CCRD.MTD.21 (arguing that CADA is "fact-dependent"). It may be "possible that Plaintiffs' conduct will *not* trigger enforcement" in some situations, but it "is also possible that their conduct *will* trigger enforcement." MTD.R&R.17. So, because "at least some" of Plaintiffs' speech "arguably would deny to an individual because of [gender expression] the full and equal enjoyment of goods and services," they can challenge the law. *303 Creative v. Elenis*, 6 F.4th 1160, 1172-73 (10th Cir. 2021) (cleaned up).

On the credible-threat-of-enforcement prong, the district court's motion-to-dismiss order again reverses course from its preliminary-injunction analysis. At the preliminary-injunction stage, the court suggested that Plaintiffs face a '"heavy burden"' to '"demonstrat[e] a credible threat."' PI.Order.11. But in denying the motions to dismiss, the court acknowledges instead that, per "Circuit and Supreme Court precedent," showing a credible threat "is not supposed to be a difficult bar for plaintiffs to clear in the First Amendment pre-enforcement context." MTD.Order.21 (cleaned up) (quoting *Scott*, 153 F.4th at 1096); *see* CA10.Opening.Br.27. Demonstrating a credible threat, the order explains, "goes hand-in-hand" with showing that the plaintiff's speech is "arguably proscribed." MTD.Order.21; *see, e.g.*, *Babbitt v. UFWNU*, 442 U.S. 289, 302 (1979); *Majors v. Abell*, 317 F.3d 719, 721 (7th Cir. 2003) ("[T]he threat is latent in the existence of the statute."). So, because "Plaintiffs' intended conduct is arguably proscribed by CADA," it "naturally follows that there is a credible threat of enforcement." MTD.Order.21; *see* CA10.Opening.Br.26-33.

**2.** The motion-to-dismiss order goes on to reject Defendants' contrary arguments—the same arguments they make in this appeal. To start, the order confirms that "Defendants have not disavowed any possibility of future prosecution." MTD.Order.19, 23. Though Defendants argue that CADA "only prohibits" misgendering and deadnaming "when it rises to the level of harassment," CCRD.MTD.Obj. (D.Ct.Dkt.132) 4; *see* CA10.Resp.Br. (CA10.Dkt.89) 26, 52, the order finds that "at least some" of Plaintiffs' speech could be unlawful "[e]ven under" that "heightened

harassment standard" because, again, refusal to honor a person's preferred pronouns is likely to be perceived as a denial of equal services, MTD.Order.19; *see* CA10.Opening.Br.34-36. And in any event, Defendants' statutory-interpretation arguments are not a disavowal. *See* MTD.Order.19; CA10.Opening.Br.37-39; CA10.Reply.Br.14-17.

The district court, moreover, finds that Defendants' claim that they have not yet used CADA to punish pure misgendering or deadnaming does not dispel the threat of enforcement. *See* MTD.Order.21; *contra* CA10.Resp.Br.55-58. "[P]ast enforcement" is "not essential" where the challenged law "arguably proscribe[s]" the plaintiff's speech and the defendants "have not disavowed" enforcement. MTD.Order.19, 21; *see Babbitt*, 442 U.S. at 302; *Peace Ranch v. Bonta*, 93 F.4th 482, 490 (9th Cir. 2024).

For largely the same reasons, the order rejects Plaintiffs' ripeness arguments. *Contra* CA10.Resp.Br.66. CADA is currently chilling Plaintiffs' speech, the order explains, because the law arguably proscribes that speech and "enforcement" is "possible." MTD.Order.24-25. "Plaintiffs' alleged injury," in other words, "is already occurring," and "the courts would gain nothing by allowing the issues in the case to develop further." *IRI v. Walker*, 450 F.3d 1082, 1098 (10th Cir. 2006). The order also rejects the Attorney General's sovereign-immunity argument because he has both a '"duty"' and a '"willingness"' to enforce CADA. MTD.Order.16; *contra* CA10.Resp.Br.66-67. Indeed, as the order acknowledges, the Attorney General's sovereign-immunity argument has already "been dispensed with in prior litigation." MTD.Order.17 (citing *Masterpiece Cakeshop v. Elenis*, 445 F. Supp. 3d 1226, 1253 (D. Colo. 2019)).

In their brief on appeal, Defendants urge this Court, if it finds that the district court erred in its standing analysis for the preliminary injunction, to "remand for the district court to address th[e]se alternative" arguments on ripeness and sovereign immunity. CA10.Resp.Br.64-65. But the motion-to-dismiss order rejects those arguments, confirming that remanding for *another* jurisdictional decision from the district court is unnecessary. This Court can simply order a preliminary injunction now.

## II. Plaintiffs have standing to seek a preliminary injunction for the same reasons they have standing to pursue this litigation.

The motion-to-dismiss order's standing analysis applies with equal force to the preliminary injunction. (Notably, both motions were decided based on the same factual record.) Plaintiffs have standing to seek an injunction because their speech is arguably proscribed and they credibly fear enforcement.

**1.** Federal courts, including this one, consistently hold that plaintiffs have standing to seek a preliminary injunction when the challenged law arguably proscribes the plaintiff's speech and the plaintiff credibly fears enforcement. *See, e.g.*, *Chiles v. Salazar*, 116 F.4th 1178, 1196-99 (10th Cir. 2024); *ACLU v. Johnson*, 194 F.3d 1149, 1154-55 (10th Cir. 1999); *Arizona All. for Retired Americans v. Mayes*, 186 F.4th 622, 628-29 (9th Cir. 2026) (en banc); *Catholic Charities v. Whitmer*, 162 F.4th 686, 690-91 (6th Cir. 2025); *Speech First v. Cartwright*, 32 F.4th 1110, 1120 (11th Cir. 2022); *Speech First v. Fenves*, 979 F.3d 319, 338 (5th Cir. 2020). That showing is "all that is necessary to establish the final prong of injury-in-fact for standing to seek a preliminary injunction in this kind of case."

*Fenves*, 979 F.3d at 338. "[N]o more is required under this Court's precedents." *Chiles v. Salazar*, 607 U.S. 627, 637 n.* (2026). The district court's conclusion that Plaintiffs' speech is arguably proscribed and they face a credible threat of enforcement thus confirms they have standing to seek a preliminary injunction as well. *See* MTD.Order.19, 21.

In fact, the district court's rationale for denying the motions to dismiss shows that a preliminary injunction is *especially* appropriate here. Defendants have repeatedly insisted that CADA enforcement turns on whether the offending speech "den[ies] persons the full and equal enjoyment of services." CA10.Resp.Br.3. And the motion-to-dismiss order confirms that *that* is precisely what Plaintiffs' speech will do: It '"more likely than not"' will be '"perceived"' as a '"denial … of services."' MTD.Order.17, 19.

**2.** The district court itself acknowledges the tension between its preliminary-injunction order and its motion-to-dismiss order. *See* MTD.Order.10 (noting the two orders reach "different conclusion[s]"). The court's only effort to justify the reversal, however, was to briefly suggest that Plaintiffs faced a more demanding "burden" at the preliminary-injunction stage than at the motion-to-dismiss stage. *Id.* But that's wrong.

To be sure, a plaintiff's burden for surviving a *facial* challenge to standing, where the defendant disputes only the sufficiency of the allegations in the complaint, is "lower" than the burden to establish standing for a preliminary injunction. *Do No Harm v. Pfizer*, 126 F.4th 109, 113-14 (2d Cir. 2025). But here, Defendants' motions to dismiss mounted a "factual challenge" to Plaintiffs' standing, MTD.R&R.14, meaning the district court considered "evidence outside the pleadings," *Stuart*, 271 F.3d at 1225,

"'weigh[ed] the evidence'" for itself, *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014), and ultimately concluded that Plaintiffs "established by a preponderance of the evidence that their speech has been chilled," MTD.Order.23.

Both the preliminary injunction and the motions to dismiss, in other words, required Plaintiffs to put forward actual evidence of standing. *See Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 108-09 (10th Cir. 2024); *United States v. Spectrum Emergency Care*, 190 F.3d 1156, 1160 (10th Cir. 1999). But at the preliminary-injunction stage, the district court made only a "tentative" ruling, "on an expedited schedule," about whether Plaintiffs were "likel[y]" to establish standing. *Homans v. City of Albuquerque*, 366 F.3d 900, 904-05 (10th Cir. 2004); *see also Univ. of Texas v. Camenisch*, 451 U.S. 390, 394-96 (1981) (preliminary-injunction decisions are provisional and often "hast[y]"). By contrast, when it rejected the motions to dismiss, the district court, with the benefit of longer review, actually "resolve[d]" the standing dispute and made real "findings of jurisdictional facts," concluding that Plaintiffs *do* have standing. *Stuart*, 271 F.3d at 1225. So Plaintiffs did not have a higher burden at the preliminary-injunction stage, as the district court incorrectly believed, and the court's standing analysis was, if anything, more conclusive at the motion-to-dismiss stage.

To the extent the district court applied an even *more* burdensome standing test for "disfavored" preliminary injunctions, PI.Order.12-16, that was error. As Plaintiffs have explained, their requested relief is not disfavored; rather, they seek a tailored preliminary injunction that would provide them meaningful relief and would preserve, not

alter, the status quo. *See* PI.Reply (D.Ct.Dkt.98) 36-39; Pls.PI.Obj. (D.Ct.Dkt.110) 8-10; CA10.Opening.Br.50-52; CA10.Reply.Br.25-26.

## III. This Court should order an injunction for DE, CPAN, and PKC too.

Though the district court denied the motions to dismiss as to Plaintiffs Do No Harm, Dr. Travis Morrell, Dr. Valeri Leswing, and Mountain Pediatrics, it granted the motions as to Plaintiffs Defending Education, Colorado Parent Advocacy Network, and Protect Kids Colorado. *See* MTD.Order.25-27. The court did not dispute that DE, CPAN, and PKC, like the other Plaintiffs, wish to engage in speech arguably proscribed by CADA. Instead, it found that CPAN and PKC (and DE, which asserts associational standing through CPAN's and PKC's leadership) lack standing because "they are not public accommodations" and so, the court said, "not subject to" CADA. *Id.*

That conclusion is wrong, as explained in Plaintiffs' brief. *See* CA10.Reply.Br.3-6. CADA regulates "'person[s]'" operating *in* places of public accommodation, not public accommodations themselves. *Id.* (quoting Colo. Rev. Stat. §24-34-601(2)(a)). Proving the point, courts consistently interpret federal anti-discrimination laws to cover groups that lease, operate in, or host public events in places of public accommodation. *See id.* at 4-5. CPAN and PKC are therefore at least "'*arguably*'" subject to CADA, which is all that is required for standing. *Id.* at 3 (quoting *Scott*, 153 F.4th at 1096).

Critically, the motion-to-dismiss order does not affect this Court's ability to order a preliminary injunction for any of the plaintiffs, including DE, CPAN, and PKC. Because the order did not dismiss "all the parties," it is not a "final judgment."

Fed.R.Civ.P.54(b); *see Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 957 (10th Cir. 2021) (order is not final unless it "'dispose[s] of all claims by all parties'"). And dismissed "[l]itigants in a multi-party case … remain in the case until the final resolution of all claims as to all parties." *Smith v. Stelly*, 2011 WL 13377567, *1 (W.D. La. Aug. 9, 2011). That means that DE, CPAN, and PKC "maintai[n] a stake in the outcome of this" case, and this Court can order a preliminary injunction protecting their speech while the case remains pending. *Doe v. Univ. of Colorado*, 100 F.4th 1251, 1264 n.6 (10th Cir. 2024).

In fact, because the district court dismissed DE, CPAN, and PKC based on the *same* argument that Defendants make in this appeal—that CADA regulates only literal places of public accommodation—this Court can exercise pendent jurisdiction to reverse that portion of the motion-to-dismiss order. *See* CA10.Resp.Br.39-44. "[P]endent appellate jurisdiction'" allows the court of appeals to review "'an otherwise nonfinal and nonappealable lower court decision that overlaps'" with the decision before the court on appeal. *Cox v. Glanz*, 800 F.3d 1231, 1255 (10th Cir. 2015); *see Jensen v. Utah County*, --- F.4th ---, 2026 WL 2982357, *9 (10th Cir. Oct. 5, 2026); *Allen v. Stein*, 165 F.4th 272, 281, 284-85 (4th Cir. 2026). Either way, though, the motion-to-dismiss order does not affect this Court's jurisdiction over the preliminary-injunction appeal.

## CONCLUSION

The district court's motion-to-dismiss order confirms that Plaintiffs have standing to challenge CADA's speech rules. This Court should, accordingly, reverse the district court's order denying a preliminary injunction for lack of standing.

Dated: November 2, 2026

Respectfully submitted,

*/s/ J. Michael Connolly*
J. Michael Connolly
Cameron T. Norris
Paul R. Draper
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com
cam@consovoymccarthy.com
paul@consovoymccarthy.com

*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

This brief complies with Federal Rule of Appellate Procedure 32(a)(5)-(6), 10th Circuit Rule 32(A), and this Court's October 26, 2026 briefing order because it is "no longer than ten pages," Order at 3, and is prepared in a proportionally spaced face using 14-point Garamond font.

Dated: November 2, 2026

/s/ *J. Michael Connolly*
Counsel for Appellants

## CERTIFICATE OF SERVICE

On November 2, 2026, I e-filed this brief with the Court, which will email everyone requiring notice.

Dated: November 2, 2026

/s/ *J. Michael Connolly*
Counsel for Appellants